**UNITED STATES v. DRUMM et al.**

**No. 221.**

District Court, D. Nevada.

June 12, 1943.

Thomas O. Craven, U. S. Atty., of Reno, Nev., for plaintiff.

Oliver C. Custer, of Reno, Nev., for defendant.

NORCROSS, District Judge.

This is an action against libelee to recover penalties for alleged piloting of a certain airplane contrary to provisions of the Civil Aeronautics Acts and Regulations adopted in pursuance thereof and to impose a lien upon said airplane for the recovery thereof. The amended libel sets forth eleven causes of libel and prays to recover judgment for penalty of one thousand ($1,-000) dollars for each alleged violation. Two flights are alleged to have been made by libelee, one from Fallon, Nevada, to Bishop, California, and one from Bishop, California, to Independence, California, concerning which flights, it is alleged libelee "was not possessed of a valid pilot certificate of competency"; "an identification card" * * *; "airworthiness certificate" * * *; "clearance"; "took off * * * without having first submitted * * * information to describe the route, duration and purpose of the proposed flight"; "without having first secured a clearance for said take off * * *." The answer to the amended libel, designates "Libelee" as "Respondent and Claimant." To each of the foregoing, above indicated, allegations, appears a paragraph in the said answer reading: "Respondent and Claimant neither admits nor denies the allegations of Paragraph * * * of the Amended Libel on the ground that the answer might and would tend to expose him to prosecution or punishment for crime and penalties and forfeiture of his property for a penal offense."

Paragraph III of Libelant's First Cause of Libel reads: "That on or about February 11, 1942 Libelee, Andrew D. Drumm, Jr. piloted said Luscombe Airplane No. NC 37066 on a flight from Fallon, Nevada, to Bishop, California."

By reference, this allegation is made a part of the next four alleged causes of action. A similar allegation appears in the sixth. alleged cause of action respecting piloting said airplane from Bishop, California, to Independence, California, and departure therefrom, and, by reference, made a part of the remaining alleged causes of action.

To these last above mentioned allegations appearing in the amended libel, libelee, as

respondent and claimant, in his answer thereto, sets forth the same answer as above stated that he "neither admits nor denies the allegations" on the "ground" therein stated.

Counsel for the respective parties to this action are in accord that the question here presented is governed by the provisions of Rule 30 of the Admiralty Rules, 28 U.S.C.A. following section 723, which provides as follows: "Either party may object by proper pleadings to answering any allegation contained in any pleading or interrogatory filed by the other party, which will tend to expose him, it, or them, to any prosecution or punishment for crime, or for any penalty or any forfeiture of his, its or their property for any penal offense."

Libelant concedes libelee's right to refuse to admit or deny the allegations of paragraphs of the amended answer charging libelee was not possessed of a valid pilot's certificate, identification card, etc., but contends such right does not apply in respect to the allegations that certain flights were made with the said airplane which was piloted by libelee.

No authority dealing with a similar state of facts is cited by counsel for either party and it was asserted upon oral argument that none could be found. In the brief for libelant it is asserted that libelee "should be required to answer paragraph * * * of the amended Libel, which merely alleges that he piloted his airplane from Fallon, Nevada, to Bishop, California. This conduct is not criminal in any way, or does not in any way expose Libelee to prosecution for a penalty or forfeiture, * * *."

It is clear, however, that it is essential that an airplane be piloted by the owner or with his authority in order that a penalty may be imposed for such piloting, under the conditions alleged, and the plane become subject to a lien to secure the payment thereof. It is the piloting under such conditions which is the basis and a primary essential of the offense for which penalties are imposed.

The fact that the statement in a complaint of acts, which occurring together, constitute a violation of law for which a penalty is imposed, is made in two separate paragraphs, one of which, considered by itself, would not constitute a violation, but when considered with the other paragraph, as intended it should be, then the two paragraphs constitute the statement of the charge and the libelee has the privilege of making the same answer to both.

It is the conclusion of the Court that plaintiff libelant's exceptions to the answer to the amended libel should be disallowed. It is so ordered.